UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY NANDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-0011-B |
| | § | |
| ATUL NANDA & DIBON | § | |
| SOLUTIONS INC., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff's Motion to Remand, filed February 2, 2012 (doc. 6). Plaintiff also requests costs incurred as a result of the improper removal. For the reasons set forth below, the Court **DENIES** the Motion.

## I.

## BACKGROUND

This case arises from a dispute between two brothers, Plaintiff Jay Nanda and Defendant Atul Nanda, over the control of Defendant corporation Dibon Solutions, Inc. ("Dibon") (together with Atul Nanda, "Defendants"). Pl.'s Mot. to Remand 6. Plaintiff Jay Nanda is a citizen of India, Atul Nanda Aff. ¶ 4, and a resident of the State of Texas. Compl.[1] 1. Defendant Atul Nanda is a citizen of India, Atul Nanda Aff. ¶ 3, and a resident of the State of Texas. Compl. 1. Dibon is a corporation

---

[1] The Court refers to Plaintiff Jay Nanda's "Plaintiff's Original Petition," filed in state court and now removed to this Court, as the "Complaint."

-1-

organized under the laws of the State of California and has its principal place of business in Carrollton, Texas. *Id.*

Since May 2011, parties have been litigating over the control of Dibon in Texas state courts. Pl.'s Mot. to Remand 6. On October 14, 2011, the parties entered into a written agreement agreeing to dismiss the pending litigation and settle certain disputes in arbitration. Compl. 2. Following arbitration proceedings, an award dividing Dibon was entered on November 19, 2011. *Id.* Thereafter, Plaintiff Jay Nanda accused Defendant Atul Nanda of refusing to comply with the award and filed this lawsuit against Defendants on December 11, 2011 in the 44th Judicial District Court of Dallas County, Texas. *Id.* 1–2. Defendants subsequently removed the suit to this Court.

Defendants removed the suit under 9 U.S.C § 205.[2] Notice of Removal ¶¶ 3–5. Section 205 permits removal of suits concerning arbitral awards falling under The Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. I, ("the Convention"), June 10, 1958, 3 U.S.T. 2517, 330 U.N.T.S. 38. The Convention was enacted to secure the enforcement of international arbitral awards in the courts of its signatory states. *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 929 (2d Cir. 1983).

In seeking remand, the Plaintiff contends that the arbitral award did not fall under the Convention because the award was neither (1) made pursuant to foreign law nor (2) involved parties

---

[2] Defendants also argue that this action is properly removable under 28 U.S.C. § 1441(a), which permits removal for civil actions over which the district court has original jurisdiction. Notice of Removal ¶ 6. District courts have original jurisdiction over cases arising under the laws and treaties of the United States. 28 U.S.C. § 1331. "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203. Further, section 203 provides that "district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." *Id.* Because both grounds for removal proffered by Defendants pose the same essential question—whether or not the arbitral award falls under the Convention—the Court need not address  removal under § 1441(a).

domiciled or having their principal place of business outside the United States. Pl.'s Mot. to Remand 16. Defendants, in turn, argue that the award falls under the Convention because it meets the requirements of 9 U.S.C. § 202. Section 202 provides that all commercial legal relationships fall under the Convention except for certain agreements "entirely between citizens of the United States." The parties agree that their dispute is commercial and that their award does not fall within section 202's exception because Defendant Atul Nanda and Plaintiff Jay Nanda are citizens of India.

## II.

## LEGAL STANDARDS

*A. Removal*

A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, because removal takes away an action properly before a state court, "significant federalism concerns" arise which require "strict construction" of the statute authorizing removal. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366–67 (5th Cir 1995). A party seeking removal of a case to federal court has the burden of showing the propriety of federal jurisdiction. *Lone Star OB/GYN Assocs v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). All ambiguities about whether removal is proper must be resolved in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

*B. Awards Falling Under the Convention*

If an arbitral award falls under the Convention, removal jurisdiction may be invoked in connection with a proceeding concerning that award. 9 U.S.C. § 205. Article I(1) of the Convention provides:

> [1] This Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal.[3] [2] It shall also apply to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought.

3 U.S.T. 2517, 330 U.N.T.S. 38. Because the Convention looks to signatory states to define "non-domestic" arbitral awards, Congress enacted 9 U.S.C. § 202 which defines what awards fall under the Convention:

> An arbitration agreement or arbitral award arising out of a legal relationship . . . which is considered as commercial . . . falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

## III.

## ANALYSIS

The parties' disagreement centers on whether or not their arbitral award is considered "non-domestic" in the United States and thus falls under the Convention, which would make removal proper under 9 U.S.C. § 205. The critical inquiry involves the relationship between the Convention's

---

[3] Because the award was made in the United States and its enforcement is sought in the United States, the Convention's first category is not applicable to the present case.

non-domesticity requirement and 9 U.S.C. § 202. Defendants argue that section 202, which provides that commercial awards not entirely between United States citizens fall under the Convention, exclusively determines which awards are "non-domestic" and may be removed under section 205. Plaintiff, on the other hand, contends the Convention, which leaves signatory countries the task of defining "non-domestic" awards, imposes additional criteria to determine whether awards are non-domestic and thus removable under section 205.

Under the Convention, each signatory state is required to define what constitutes a "non-domestic award." *See* Convention art. I ("[The Convention] shall also apply to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought."). Based on this, Plaintiff argues that the Court's analysis cannot be "based solely on section 202 and ignore[] the express terms of the . . . Convention" because the Convention provides additional criteria that define non-domestic awards. Pl.'s Rep. 2. To bolster his argument that the Court should impose criteria in addition to section 202, Plaintiff relies primarily on *Bergesen v. Joseph Muller Corp.,* 710 F.2d 928 (2d Cir. 1983). In *Bergesen,* the Second Circuit defined non-domestic awards to include those awards that are "made within the legal framework of another country, e.g., pronounced in accordance with foreign law or involving parties domiciled[4] or having their principal place of business outside the enforcing jurisdiction." 710 F.2d 928, 932 (2d Cir. 1983); *see also Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH,* 141 F.3d 1434, 1441 (11th Cir. 1998) ("Specifically for the purposes of the case *sub judice,* we hold that an arbitral award . . . falls within the purview of [the Convention] . . .

---

[4] If domicile were in fact a proper criterion to determine an arbitration is non-domestic, Plaintiff's Motion for Remand would presently be successful. Defendants note that Plaintiff offers no facts establishing his domicile other than holding a work visa. Defs. Resp. 5.n1. However, the burden is on the party seeking removal to establish that federal jurisdiction is proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc.,* 579 F.3d 525, 528 (5th Cir. 2009). Given that Defendants have not put forth any evidence of a party's foreign domicile, Defendants have not satisfied this burden.

when one of the parties is domiciled or has its principal place of business outside the United States."). In *Bergesen*, the Second Circuit justified this definition of "non-domestic" because it was "in line with the intended purpose" of the Convention, which was to "encourage the recognition and enforcement of international arbitration awards." 710 F.2d at 933. Plaintiff argues that the Fifth Circuit takes the same approach that the Second and Eleventh Circuits purportedly take, requiring the Convention's non-domestic criterion to be satisfied independently of the text of section 202. *See Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*, 767 F.2d 1140, 1145 (5th Cir. 1985). ("[T]he Convention must be enforced according to its terms over all prior inconsistent rules of law."). Plaintiff argues that because there is no evidence that any party is a foreign domiciliary or has its principal place of business abroad, the award is domestic and fails to fall under the Convention. Therefore, Plaintiff contends removal under section 205 is improper.

Defendants, on the other hand, contend that 9 U.S.C. § 202 solely defines what constitutes "non-domestic" awards under the Convention. Defs.' Resp. 3; *see Indus. Risk Insurers*, 141 F.3d at 1441 ("We read [section 202] to define all arbitral awards not 'entirely between citizens of the United States' as 'non-domestic' for purposes of Article I of the Convention."); *see also Jain v. de Mere*, 51 F.3d 686, 689 (7th Cir. 1995) ("[Section 202] mandates that any commercial agreement, unless it is between two United States citizens, involves property located in the United States, and has no reasonable relationship with one or more foreign states, falls under the Convention."). Therefore, in Defendants' view, given that both Plaintiff Jay Nanda and Defendant Atul Nanda are citizens of India and the underlying arbitral award was commercial, the requirements of section 202 are satisfied and the suit may be removed under section 205.

The Court agrees with Defendants. Though Plaintiff relies on *Bergesen* to provide the definition of "non-domestic" under the Convention, the *Bergesen* court also noted that the definition of non-domestic "appears to have been left out [of the Convention] deliberately." 710 F.2d at 932. *Bergesen* further states that the omission of a definition of non-domestic allows each signatory to the Convention to "supply its own definition of 'nondomestic' in conformity with its own national law." *Id*. Later, the court states:

> Inasmuch as it was apparently left to each state to define which awards were to be considered nondomestic, Congress spelled out its definition of that concept in section 202. Had Congress desired to exclude arbitral awards involving two foreign parties rendered within the United States from enforcement by our courts it could have readily done so. It did not.

*Id*. at 933 (internal citations omitted).

While *Bergesen* does, at one point, state that awards made to parties who are foreign domiciliaries or have their principal place of business abroad are non-domestic, the facts in *Bergesen* underlying this statement of the law are distinguishable from the facts at hand. The "foreign" parties in *Bergesen* were a foreign domiciliary and a company having its principal place of business abroad. *See id*. at 929 (identifying petitioner as a "Norwegian shipowner" and respondent as a Swiss corporation); *see also* 9 U.S.C. § 202 (defining corporate citizenship, for the purposes of section 202, based on place of incorporation and principal place of business). Therefore, the *Bergesen* court did not address the question before the Court today: whether a non-citizen party to arbitration that has its principal place of business or domicile within the United States renders an arbitral award non-domestic. *See also Indus. Risk Insurers*, 141 F.3d at 1441 ("Specifically for the purposes of the case *sub judice*, we hold that an arbitral award made in the United States under American law, falls within the purview of [the

Convention] . . . when one of the parties to the arbitration is domiciled or has its principal place of business outside of the United States. MAN GHH is a German corporation.").

Additionally, the Fifth Circuit has never required that an award satisfy both the Convention-based-non-domestic requirement and section 202 to be removable. In the statement Plaintiff relies upon to argue to the contrary, the *Sedco* Court held that the Convention must apply over "*prior inconsistent rules of law.*" 767 F.3d at 1145 (emphasis added). The Court's concern was not subsequent statutes implementing the Convention, like section 202, but court rulings hostile to arbitration predating the Convention. *See id.* (noting that the Federal Arbitration Act was "passed long ago to overcome American courts' common law hostility to the arbitration of disputes"). Thus, *Sedco* does not require this Court to determine whether section 202 is inconsistent with the Convention's purported definition of "non-domestic" and apply a more stringent Convention-based definition.

Finally, although the Fifth Circuit has not yet defined when an arbitral award having a non-United States-citizen as a party falls under the Convention, it has addressed a similar question using the requirements of section 202. Section 202's requirements determine, in part, when the Convention requires courts to compel arbitration under an agreement to arbitrate. In *Sedco*, the court enumerated a four-part test to determine when to compel arbitration. 767 F.2d at 1144–45 (citing *Ledee v. Ceramache Ragno*, 684 F.2d 184, 185–186 (1st Cir. 1982)). The first two parts pertain to the form and contents of an arbitration agreement, which are not relevant to an arbitral award already rendered.[5] *Id.* The third and fourth parts track the requirements of section 202: "3) does the agreement to

---

[5] "1) [I]s there an agreement to arbitrate the dispute; in other words, is the arbitration agreement broad or narrow; 2) does the agreement provide for arbitration in the territory of a Convention signatory[?]" 767 F.2d at 1144–45.

arbitrate arise out of a commercial legal relationship; 4) is a party to the agreement not an American citizen?" *Id.* at 1145. Additionally, *Ledee*, the First Circuit case cited in *Sedco*, derived the fourth prong of the test, which concerns citizenship, from section 202.[6] *Ledee*, 684 F.2d at 187. In the Plaintiff's view, the Fifth Circuit would apply a citizenship inquiry to arbitration agreements per section 202 and a domicile/principal-place-of-business inquiry to awards. Given that Congress intended both "arbitration agreement[s] and arbitral award[s]" to "fall[] under the Convention," 9 U.S.C. § 202, such a position would be at best anomalous. Therefore, the Court finds that the criteria set forth in section 202, which include whether the legal relationship underlying the award is commercial and whether the award is entirely between United States citizens, alone determine whether an award falls under the Convention.

In the present case, as noted above, the parties do not dispute that the requirements of section 202 are satisfied because (1) the legal relationship underlying the arbitral award is commercial and (2) Plaintiff Jay Nanda and Defendant Atul Nanda are citizens of India. Therefore, for the reasons stated above, their arbitral award falls under the Convention, and removal was proper under 9 U.S.C. § 205. Plaintiff Jay Nanda's Motion to Remand is **DENIED**.

## IV.

## CONCLUSION

For the reasons stated above, removal was proper, and Plaintiff's Motion to Remand is **DENIED**.

---

[6] Furthermore, the Fifth Circuit later held that "the lack of a foreign citizen as a party to [an] agreement" does not "render[] the Convention inapplicable" when there is a "reasonable connection between the parties' commercial relationship and a foreign state." *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 339–41 (5th Cir. 2004). The Court noted that "[t]his principle stems from the language of 9 U.S.C. § 202." *Id.* at 340.

SO ORDERED.

SIGNED June 12, 2012

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE