UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY NANDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-0011-B |
| | § | |
| ATUL NANDA and DIBON | § | |
| SOLUTIONS INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Confirm Arbitration (doc. 20), filed on September 21, 2012. For the reasons outlined below, Plaintiff's Motion is **GRANTED**.

### I.

### BACKGROUND

This case is one of many arising from a dispute between two brothers, Plaintiff Jay Nanda ("Plaintiff") and Defendant Atul Nanda ("Defendant Nanda"), over the control of Defendant corporation Dibon Solutions, Inc. ("Dibon") (together with Atul Nanda, "Defendants"). Doc. 19, Am. Compl. at 1. Since May 2011, parties have been litigating the control of Dibon and distribution of assets among their other holdings in Texas state courts. *Id.* On October 14, 2011, the parties entered into a written agreement to dismiss the pending litigation and settle certain disputes in arbitration (the "Arbitration Agreement"). *Id.* ¶ 7. Following arbitration proceedings, an award dividing Dibon and another company, RTS, was entered on November 19, 2011 (the "Arbitration Award"). *Id.* ¶ 8. Thereafter, Plaintiff accused Defendants of refusing to comply with the Arbitration

Award and filed this lawsuit against Defendants on December 8, 2011 in the 44th Judicial District Court of Dallas County, Texas. Doc. 1-5, Original Pet. Defendants subsequently removed the suit to this Court. Doc. 1, Notice. By its Order of June 12, 2012, this Court decided that the Arbitration Award fell under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and removal was therefore proper under 9 U.S.C. § 205. Doc. 14.

Plaintiff then filed First Amended Complaint, requesting confirmation of the Arbitration Award under the Federal Arbitration Act, 9 U.S.C. § 9, *et seq.*; seeking a declaratory judgment under the Federal Declaratory Judgment Act; and requesting attorney's fees and costs. Doc. 19, Am. Compl. Thereafter, Plaintiff filed a Motion to Confirm the Arbitration Award (doc. 20). The Motion has been fully briefed and is ripe for review.

## II.

## LEGAL STANDARD

Under the Convention, a party may file a motion to confirm an arbitration award within three years of the entry of the award. 9 U.S.C. § 207. The Court *must* confirm the arbitration award unless there are grounds for refusing confirmation of the award under the Convention.[1] *Id.* Article V.1 of the Convention states that the following are grounds for refusing to confirm an arbitration award: (a) the agreement to arbitrate is invalid; (b) the respondent was unable to present its case; (c) the award exceeds the scope of the agreement to arbitrate; (d) the arbitration procedures did not

---

[1]Some Courts have found that Article V of the Convention also permits the refusal to confirm an arbitration award under Chapter 1 of the FAA. *See Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 21 (2d Cir. 1997)("We read Article V(1)(e) of the Convention to allow a court in the country under whose law the arbitration was conducted to apply domestic arbitral law, in this case the FAA, to a motion to set aside or vacate that arbitral award."); *LaPine v. Kyocera Corp.*, No. C-07-06132-MHP, 2008 U.S. Dist. LEXIS 41172, at *15-17 (N.D. Cal. May 22, 2008) (citing cases).

comport with those in the arbitration agreement or the laws of the country where the award was issued; and (e) the award has been set aside. Article V.2 adds that the Court may refuse to confirm an arbitration award where (a) federal law prohibits arbitration of the subject matter or (b) recognition of the award would be contrary to public policy.

A district court's review of an arbitration award is exceedingly narrow. *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004) (noting that the court must have an "exceedingly deferential" view of the arbitrator's decision). The Court "may not reconsider an award based on alleged errors of fact or law or misinterpretation of the contract." *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164-65 (5th Cir. 1998) (internal citations omitted). "In other words, [the court] must affirm the arbitrator's decision if it is rationally inferable from the letter or the purpose of the underlying agreement." *Executone Info. Sys. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994). "In determining whether the arbitrator exceeded his jurisdiction, we resolve all doubts in favor of arbitration." *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 213 (5th Cir. 1993) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr.*, 460 U.S. 1, 24-25 (1983)).

## III.

## ANALYSIS

Plaintiff requests that this Court enter an order confirming the arbitrator's award. In his Motion, Plaintiff properly included the Arbitration Agreement (which included the selection of the arbitrator) and the Arbitration Award. *See* 9 U.S.C. § 13. Defendants separately file objections to confirmation of the Arbitration Award.[2] The Court addresses each argument, in turn.

---

[2]Defendant Dibon objects only to its inclusion in the arbitration proceedings. Defendant Nanda also objects to Dibon's inclusion as a party, but makes four additional objections to confirmation of the award.

A.      *Whether Defendant Dibon was a Party to the Arbitration Agreement*

Both Defendants argue in their Responses that the arbitrator exceeded the scope of the Arbitration Agreement under Article V.1(c) of the Convention because the Arbitration Award purports to impose requirements on Defendant Dibon. Doc. 24, Resp. at 1; doc. 25, Resp. at 3. Defendants claim that Dibon was not a party to the Arbitration Agreement but merely an asset under it and that Dibon did not participate in the arbitration proceedings, so any confirmation of the Arbitration Award should be against Defendant Nanda only. *Id.* Plaintiff replies that Dibon agreed to be bound by the award because all of Dibon's shareholders and Board of Directors signed the Arbitration Agreement. Doc. 27, Reply at 2. Plaintiff poses the question why Dibon's shareholders and Board of Directors signed the Arbitration Agreement if Dibon would not be subject to the arbitration and if arbitration was between only Plaintiff and Defendant Nanda. *Id.* Plaintiff also states that all four of Dibon's shareholders participated in the arbitration.[3] *Id.*

The Arbitration Agreement expressly submits all disputes between all of Dibon's shareholders to an arbitrator. Doc. 21-1, Ex. A at 1. The Arbitration Agreement is also signed by all four shareholders. *Id.* at 2. The agreement does not expressly list Dibon as a "party" to the arbitration, but instead offers it up as an "asset" for division and disbursement as ordered by the arbitrator. *Id.* at 1. The agreement states that the arbitrator is directed to divide up assets between Plaintiff and Defendant Nanda.

The Arbitration Award expressly provides that there are three parties to the Arbitration Award: Plaintiff Jay Nanda, Defendant Atul Nanda, and Defendant Dibon. Doc. 21-1, Ex. 1 at 1. The arbitrator's own written portion of the award does not purport to place any obligations on Dibon

---

[3]Dibon's four shareholders are the Nanda brothers and their mother and father.

to provide or receive any benefit. *Id.* at 1-2. Instead, the arbitrator incorporated by reference Defendant Nanda's personal Proposal for division of assets, which includes provisions requiring Dibon to provide and retain benefits. Doc. 26-2, Ex. B at 1. The parties agree that all shareholders in Dibon actually participated in the arbitration proceedings; they apparently disagree, however, whether the two non-party shareholders participated in the arbitration in their capacities as representatives of Dibon or in some other capacity as witnesses.

Defendant Nanda suggests that the entire Arbitration Award should be stricken because the obligations allegedly imposed on Dibon in the award are inextricably intertwined with the remaining provisions of the award and because it was improper for the arbitrator to make requirements on Dibon given that it was not a party to the arbitration. Doc. 25, Resp. at 4. However, because the only portion of the award that places this burden on Dibon is the portion incorporating by reference Defendant Nanda's own proposals, the Court concludes that Defendant Nanda is estopped from arguing that the arbitrator exceeded the scope of his powers.

Plaintiff next suggests that Dibon, too, is estopped from arguing that it should not have been a party to the Arbitration Agreement, because Dibon (1) has ratified the Arbitration Award by performing under it and (2) judicially admitted that it was bound to the agreement and award by filing a separate lawsuit against Plaintiff based on the award. Doc. 27, Reply at 3-5. Under Texas law:

> Ratification occurs if a party recognizes the validity of a contract by acting or performing under the contract or by otherwise affirmatively acknowledging it. In other words, if a party by its conduct recognizes a contract as valid, having knowledge of all relevant facts, it ratifies the contract. Once a party ratifies a contract, it may not later withdraw its ratification and seek to avoid the contract. Ratification may be inferred by a party's course of conduct and need not be shown by express word or deed. Any act inconsistent with an intent to avoid a contract has the effect of ratifying the contract. Whether a party has ratified a contract may be determined as a matter of law if the evidence is not controverted or is incontrovertible.

*Mo. Pac. R.R. Co. v. Lely Dev. Corp.*, 86 S.W.3d 787, 792-93 (Tex. App.—Austin 2002, pet. dism'd) (internal citations omitted). Plaintiff submits the Arbitration Award, filings in Dibon's prior lawsuit against Plaintiff, and Plaintiff's Affidavit as evidence. Doc. 21-1, Ex. 1; doc. 28-1, App. Plaintiff states that these documents demonstrate that Dibon took the following actions required by the Arbitration Award in performing under it: Dibon dismissed with prejudice its separate lawsuit against Plaintiff, doc. 28-1, App. 5 (Ex. B.1, Plaintiff's Nonsuit with Prejudice); Dibon made seven of ten $50,000 payments to RTS, doc. 28-1, App. 2 (Ex. A, Jay Nanda Aff.); Dibon has individually retained accounts receivables of $2.5 million and employees of RTS, *id.*; Dibon cut off RTS from access to joint servers (including email, data, terminal, and hosting servers) and other shared resources, *id.*; Dibon accepted RTS' payment of a share of Dibon's attorney's fees on the Martin Air lawsuit, *id.*; Dibon obtained individual ownership of serves and computers that formerly belonged to RTS and Dibon jointly, *id.*; and Dibon forcefully evicted RTS from the joint office space in December 2011, *id. See* doc. 27, Reply at 4.

The Court has reviewed the Arbitration Award and the acts averred in Plaintiff's Affidavit and concludes that Defendant Dibon has voluntarily performed under the Arbitration Award in ways that are certainly inconsistent with a belief that Dibon is not a party to the award. Further, Dibon has accepted multiple benefits under the award. *See Mo. Pac. R.R. Co.*, 86 S.W.3d at 792-93. Accordingly, the Court concludes that Dibon has engaged in conduct that ratifies the Arbitration Award. Dibon may not now contend that it is not a party to the Arbitration Award and thus is not bound to meet its remaining obligations.

Alternatively, Plaintiff attaches Dibon's Second Amended Petition and later Appellate Brief in Dibon's prior lawsuit against Plaintiff as evidence that Dibon admits that it was a party to the

Arbitration Agreement. Doc. 28-1, App. at 8, 44. The Court has reviewed the petition, which was filed only by Dibon and not Defendant Nanda. Although the petition mentions the Arbitration Award, nothing in the petition alleges that Dibon was a party to the award, nor does the petition seek legal redress on the basis of the award. *Id.* at 9. At most, the petition alleges that the Arbitration Award is valid in its award of Dibon to Defendant Nanda, which does not indicate whether Dibon itself was a party to the award. *Id.* However, Dibon's later appellate brief does suggest that the Arbitration Award required Plaintiff to not interfere with Defendant Nanda's business operations, that Plaintiff violated that portion of the contract, and that the lower court erred in refusing to issue a temporary injunction in favor of Dibon based on Plaintiff's breach. Doc. 28-1, App. at 51, 61-63 ("Jay Nanda made a contractual promise, incorporated into the [Arbitration] Award, that he would not interfere in business operations of Dibon and other jointly-owned assets . . . . Jay Nanda is plainly breaking that promise by sending anonymous and disparaging communications that have caused Dibon to lose millions of dollars in business. The Trial Court should have issued a temporary injunction *on this basis*." (alterations omitted, emphasis added)). It thus appears to the Court that although Dibon's Second Amended Petition did not set forth a claim based on the Arbitration Award, Dibon certainly made arguments to the Texas Court of Appeals that it should decide aspects of the case on the basis that Plaintiff breached the Arbitration Award. In order to make a valid argument for breach of the Arbitration Award on which Dibon is entitled to relief, Dibon is asserting that it was a party to the Arbitration Award.

The Court concludes that Plaintiff has demonstrated that Dibon is estopped from arguing that it is not a party to the Arbitration Award because Dibon has ratified the award and has judicially admitted that it was a party to the agreement. Either of these actions is sufficient to demonstrate

estoppel, and the Court finds that Dibon cannot reasonably argue that it is not bound by the Arbitration Award and that the arbitrator exceeded his authority. As such, the Arbitration Award will not be rejected on this basis.

B.    *Arbitration Proceedings*

Next, Defendant Nanda contends that the Arbitration Award should not be confirmed because the arbitrator conducted the arbitration in a way that prevented Defendant Nanda an opportunity to meaningfully present his evidence. Doc. 25, Resp. at 5-6. He also suggests that his due process rights were violated. *Id.* His argument presumably finds defect under Article V(1)(b) of the Convention, which requires that a party in arbitration be able to "present his case." Defendant Nanda's only support for this contention is his belief that the arbitrator admitted that he misconstrued the evidence submitted during the arbitration proceeding. *Id.* Defendant Nanda submits an email from the arbitrator, sent in response to the parties' request to modify the award. Doc. 26-3, Email at 1. The email states, in relevant part:

> In any event, the suggestion has been made that the evidence has been "misunderstood or ignored", and the award contains "clearly an error of omission".
> I will always concede that evidence may have been misunderstood. I will never concede that evidence was ignored.
> Is there not another possibility?
> That in the parties *obsessive haste*, where urgency and a desire for speed rendered a desire for an orderly process moot, where the original hearing date, which all acknowledged was unreasonably hasty, was moved up by *two weeks* to accommodate the *travel plans of family*, resulted in a hearing process where the evidence was poorly, and sloppily, presented, where after the hearing, non-parties are sending *ex parte* communications asking for modifications to an award? I didn't design the process. I argued against it.

*Id.* The Court concludes that nothing in the arbitrator's email contains an admission of the arbitrator that he misconstrued evidence. Instead, the Court interprets the arbitrator's statements to merely

reflect the arbitrator's general position that it is always possible that evidence might have been misconstrued. If anything, the email implies that it was the parties, and not the arbitrator, who are to blame for any imperfections in the process.

Plaintiff stresses that Defendant Nanda was able to fully participate in the proceedings and present his case, as he helped draft the rules of the arbitration, participated in two days of hearings, was represented by counsel, submitted argument and evidence to the arbitrator, and even drafted the proposal for the division of assets which was accepted and adopted by reference by the arbitrator. Doc. 27, Reply at 6; *see Consorcio Rive v. Briggs of Cancun, Inc.*, 82 F. App'x 359, 364 (5th Cir. 2003) (finding that a party was able to present its case because it could have chosen to send an attorney, it did designate the arbitrator, and it filed over 80 pages of legal argument and documents); *Parsons & Whittemore Overseas Co. v. Societe Generale de L'Industrie du Papier*, 508 F.2d 969, 975 (2d Cir. 1974) (finding that a party was able to present its case even though a key witness was unavailable, because the arbitrator need not reschedule proceedings to accommodate witnesses and parties scattered around the globe).

Without any further evidence or argument in support of his due process argument, the Court concludes that Defendant Nanda has not demonstrated that he was unable to present his case as required by Article V(1)(b) of the Convention.

C.     *Plaintiff's Alleged Wrongdoing*

Defendant Nanda next contends that Plaintiff is equitably estopped from seeking confirmation of the Arbitration Award, because following the filing of the award, Plaintiff has attempted to destroy Dibon's business in violation of the award. This argument is not properly before the Court, as it does not relate to the validity of the underlying Arbitration Award. Further,

Defendant Nanda does not provide legal support for his claim, other than citing a federal case that is not on point. More importantly, this very dispute has been submitted to another court in a separate case between the parties. Accordingly, the Court will not consider the matter.

D.     *Accuracy of Arbitration Award*

Fourth, Defendant Nanda contends that the Arbitration Award should, at the very least, be modified under Texas law because it contained mis-descriptions and mis-calculations. Doc. 25, Resp. at 8 (referring to car expenses, a UK transfer, and employee-generated profit). However, review of Defendant Nanda's argument demonstrates that he is attempting to raise a dispute of fact or law as to what expenses were legitimate or illegitimate and thus should or should not have been paid to Plaintiff under the Arbitration Award. The Court may not consider factual disputes in reviewing a motion to confirm an arbitration award, *Nauru Phosphate Royalties*, 138 F.3d at 164-65, so this argument is dismissed.

E.     *Motion to Confirm Arbitration Award versus Motion for Summary Judgment*

Finally, Defendant Nanda argues that Plaintiff has improperly filed a motion to confirm the arbitration award rather than a motion for summary judgment, so Defendant Nanda is unfairly precluded from raising disputes of fact. Doc. 25, Resp. at 9. Filing a motion to confirm an arbitration award, rather than a motion for summary judgment, is a commonly utilized and proper method of seeking relief under these circumstances. The Court therefore rejects this argument.

## IV.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel Arbitration (doc. 20) is **GRANTED**.

SO ORDERED.

SIGNED: December 3, 2012.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE